PHILLIP A. TALBERT
United States Attorney
BRIAN K. DELANEY
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile:  (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:15-CR-00352 -LJO |
|---|---|
| Plaintiff, | PLEA AGREEMENT |
| v. | |
| SALVADOR MORALES, | COURT: Hon. Lawrence J. O'Neill |
| Defendant. | |

## I.  INTRODUCTION

### A.  Scope of Agreement

The Indictment in this case charges the defendant with a violation of 21 U.S.C. §§ 846 & 841(a)(1) - Conspiracy to Distribute and Possess with the Intent to Distribute Methamphetamine. This document contains the complete plea agreement between the United States Attorney's Office for the Eastern District of California (the "government") and the defendant regarding this case. This plea agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

### B.  Court Not a Party

The Court is not a party to this plea agreement. Sentencing is a matter solely within the discretion of the Court, and the Court may take into consideration any and all facts and circumstances

PLEA AGREEMENT                              1

concerning the criminal activities of defendant, including activities that may not have been charged in the Indictment. The Court is under no obligation to accept any recommendations made by the government, and the Court may in its discretion impose any sentence it deems appropriate up to and including the statutory maximum stated in this plea agreement.

If the Court should impose any sentence up to the maximum established by the statute, the defendant cannot, for that reason alone, withdraw his guilty plea, and he will remain bound to fulfill all of the obligations under this plea agreement. The defendant understands that neither the prosecutor, defense counsel, nor the Court can make a binding prediction or promise regarding the sentence he will receive.

## II.     DEFENDANT'S OBLIGATIONS

### A.     Guilty Plea

The defendant will plead guilty to Count One of the Indictment that charges a violation of 21 U.S.C. §§ 846 & 841(a)(1) Conspiracy to Distribute and Possess with the Intent to Distribute Methamphetamine. The defendant agrees that he is in fact guilty of these charges and that the facts set forth in the Factual Basis For Plea attached hereto as Exhibit A are accurate.

The defendant agrees that this plea agreement will be filed with the Court and become a part of the record of the case. The defendant understands and agrees that he will not be allowed to withdraw his plea should the Court not follow the government's sentencing recommendations.

The defendant agrees that the statements made by him in signing this Agreement, including the factual admissions set forth in the factual basis, shall be admissible and useable against the defendant by the United States in any subsequent criminal or civil proceedings, even if the defendant fails to enter a guilty plea pursuant to this Agreement. The defendant waives any rights under Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, to the extent that these rules are inconsistent with this paragraph or with this Agreement generally.

### B.     Special Assessment

The defendant agrees to pay a special assessment of $100 at the time of sentencing by delivering a check or money order payable to the United States District Court to the United States Probation Office immediately before the sentencing hearing. If the defendant is unable to pay the special assessment at

the time of sentencing, he agrees to earn the money to pay the assessment, if necessary by participating in the Inmate Financial Responsibility Program.

### C. **Defendant's Violation of Plea Agreement or Withdrawal of Plea**

If the defendant, violates this plea agreement in any way, withdraws his plea, or tries to withdraw his plea, this plea agreement is voidable at the option of the government. The government will no longer be bound by its representations to the defendant concerning the limits on criminal prosecution and sentencing as set forth herein. Any post-plea conduct by a defendant constituting obstruction of justice will also be a violation of the agreement. The determination whether the defendant has violated the plea agreement shall be decided under a probable cause standard.

If the defendant violates the plea agreement, withdraws his plea, or tries to withdraw his plea, the government shall have the right: (1) to prosecute the defendant on any of the counts to which he pleaded guilty; (2) to reinstate any counts that may be dismissed pursuant to this plea agreement; and (3) to file any new charges that would otherwise be barred by this plea agreement. The defendant shall thereafter be subject to prosecution for any federal criminal violation of which the government has knowledge, including perjury, false statements, and obstruction of justice. The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

By signing this plea agreement, the defendant agrees to waive any objections, motions, and defenses that the defendant might have to the government's decision to exercise the options stated in the previous paragraph. Any prosecutions that are not time-barred by the applicable statute of limitations as of the date of this plea agreement may be commenced in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement of any such prosecutions. The defendant agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment to any counts that were not time-barred as of the date of this plea agreement.

### III.   THE GOVERNMENT'S OBLIGATIONS

**A.   Recommendations**

1. Incarceration Range

The government will recommend that the defendant be sentenced to the low end of the applicable guideline range for his offense, including the application of the mandatory statutory minimum term, as determined by the Court.

2. Acceptance of Responsibility

The government will recommend a two-level reduction (if the offense level is less than 16) or a three-level reduction (if the offense level reaches 16) in the computation of defendant's offense level if he clearly demonstrates acceptance of responsibility for his conduct as defined in U.S.S.G. § 3E1.1. This includes the defendant meeting with and assisting the probation officer in the preparation of the pre-sentence report, being truthful and candid with the probation officer, and not otherwise engaging in conduct that constitutes obstruction of justice within the meaning of U.S.S.G § 3C1.1, either in the preparation of the pre-sentence report or during the sentencing proceeding.

**B.   Use of Information for Sentencing**

The government is free to provide full and accurate information to the Court and the United States Probation Office ("Probation"), including answering any inquiries made by the Court and/or Probation, and rebutting any inaccurate statements or arguments by the defendant, his attorney, Probation, or the Court. The defendant also understands and agrees that nothing in this Plea Agreement bars the government from defending on appeal or collateral review any sentence that the Court may impose.

Further, other than as set forth above, the government agrees that any incriminating information provided by the defendant during his cooperation will not be used in determining the applicable guideline range, pursuant to U.S.S.G. § 1B1.8., unless the information is used to respond to representations made to the Court by the defendant, or on his behalf, that contradict information provided by the defendant during his cooperation.

### IV.   ELEMENTS OF THE OFFENSE

At a trial, the government would have to prove beyond a reasonable doubt the following

elements of the offense(s) to which the defendant is pleading guilty:

As to Count One, Conspiracy to Distribute and Possess with the Intent to Distribute Methamphetamine in violation of 21 U.S.C. §§ 846 & 841(a)(1):

1. beginning on or about November 1, 2014 and ending on or about December 9, 2015 there was an agreement between two or more persons to distribute and possess with intent to distribute methamphetamine, a Schedule II controlled substance;
2. the defendant knew the agreement had an unlawful object or purpose; and the defendant joined in the agreement with the intent to further its unlawful object or purpose; and
3. the defendant joined in the agreement with the intent to further its unlawful object or purpose.

To distribute or possess with intent to distribute means the defendant knowingly possessed methamphetamine and either distributed it to another person or possessed it with the intent to distribute it to another person. The defendant fully understands the nature and elements of the crimes charged in the Indictment to which he is pleading guilty, together with the possible defenses thereto, and has discussed them with his attorney.

### V.     MAXIMUM SENTENCE

**A.     Maximum Penalty**

The maximum sentence that the Court can impose is life in prison, a fine of $$10,000,000, a period of at least five years of supervised release and a special assessment of $100. The charge to which defendant is pleading guilty carries a ten-year mandatory minimum sentence, absent a motion by the government for reduction pursuant to 18 U.S.C. § 3553(e). In addition, the defendant may be ineligible for certain federal and/or state assistance and/or benefits, pursuant to 21 U.S.C. § 862. By signing this plea agreement, the defendant also agrees that the Court can order the payment of restitution for the full loss caused by the defendant's wrongful conduct. The defendant agrees that the restitution order is not restricted to the amounts alleged in the specific counts to which the defendant is pleading guilty. The defendant further agrees, as noted above, that he will not attempt to discharge in any present or future bankruptcy proceeding any restitution imposed by the Court.

B. **Violations of Supervised Release**

The defendant understands that if he violates a condition of supervised release at any time during the term of supervised release, the Court may revoke the term of supervised release and require the defendant to serve up to five years of additional imprisonment.

## VI. SENTENCING DETERMINATION

A. **Statutory Authority**

The defendant understands that the Court must consult the Federal Sentencing Guidelines and must take them into account when determining a final sentence. The defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines and must take them into account when determining a final sentence. The defendant further understands that the Court will consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. The defendant further understands that the Court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

The defendant is free to recommend to the Court whatever sentence he believes is appropriate under 18 U.S.C. § 3553(a). The government is not obligated to recommend any specific sentence.

## VII. WAIVERS

A. **Waiver of Constitutional Rights**

The defendant understands that by pleading guilty he is waiving the following constitutional rights: (a) to plead not guilty and to persist in that plea if already made; (b) to be tried by a jury; (c) to be assisted at trial by an attorney, who would be appointed if necessary; (d) to subpoena witnesses to testify on his behalf; (e) to confront and cross-examine witnesses against him; and (f) not to be compelled to incriminate himself.

B. **Waiver of Appeal and Collateral Attack**

The defendant understands that the law gives the defendant a right to appeal his guilty plea, conviction, and sentence. The defendant agrees as part of his plea/pleas, however, to give up the right to

appeal the guilty plea, conviction, and the sentence imposed in this case as long as the sentence does not exceed 360 months. The defendant specifically gives up the right to appeal any order of restitution the Court may impose.

Notwithstanding the defendant's waiver of appeal, the defendant will retain the right to appeal if one of the following circumstances occurs: (1) the sentence imposed by the District Court exceeds the statutory maximum; and/or (2) the government appeals the sentence in the case. The defendant understands that these circumstances occur infrequently and that in almost all cases this Agreement constitutes a complete waiver of all appellate rights.

In addition, regardless of the sentence the defendant receives, the defendant also gives up any right to bring a collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, challenging any aspect of the guilty plea, conviction, or sentence, except for non-waivable claims.

If the defendant ever attempts to vacate his plea, dismiss the underlying charges, or modify or set aside his sentence on any of the counts to which he is pleading guilty, the government shall have the rights set forth in paragraph II.C (Defendant's Violation of Plea Agreement) herein.

C.   **Waiver of Attorneys' Fees and Costs**

The defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations (including without limitation any charges to be dismissed pursuant to this plea agreement and any charges previously dismissed).

D.   **Impact of Plea on Defendant's Immigration Status**

Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including offense(s) to which the defendant is pleading guilty. The defendant and his counsel have discussed the fact that the charge to which the defendant is pleading guilty is an aggravated felony, or a crime that is likely to be determined to be an aggravated felony under 8 USC § 1101(a)(43), and that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, it is virtually certain that defendant will be removed. Removal and other

immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

## VIII.   ENTIRE PLEA AGREEMENT

Other than this plea agreement, no agreement, understanding, promise, or condition between the government and the defendant exists, nor will such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and counsel for the United States.

## IX.   APPROVALS AND SIGNATURES

### A.   Defense Counsel:

I have read this plea agreement and have discussed it fully with my client. The plea agreement accurately and completely sets forth the entirety of the agreement. I concur in my client's decision to plead guilty as set forth in this plea agreement.

Dated:  6/6/16

MARK BROUGHTON
Counsel for Defendant

### B.   Defendant:

I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my case. No other promises or inducements have been made to me, other than those contained in this plea agreement. In addition, no one has threatened or forced me in any way to enter into this plea agreement. Finally, I am satisfied with the representation of my attorney in this case.

Dated:  6/6/16

Salvador Morales
SALVADOR MORALES, Defendant

PLEA AGREEMENT         8

C. **Court Certified Interpreter/Translator:**

I declare that I am a court-certified Spanish-English interpreter/translator. On _____, I read the entire contents of the foregoing plea agreement to SALVADOR MORALES, translating the document from English to Spanish.

Dated: 6-6-16

Interpreter/Translator
Sergio Romanucci
#100078

D. **Attorney for United States:**

I accept and agree to this plea agreement on behalf of the government.

Dated: 5/16/16

Phillip A. Talbert
United States Attorney

/s/ Brian K. Delaney
BRIAN K. DELANEY
Assistant United States Attorney

# EXHIBIT "A"

## Factual Basis for Plea

The defendant SALVADOR MORALES agrees that the facts set forth below are true and accurate. Furthermore, if this matter proceeded to trial, the United States would establish the following facts beyond a reasonable doubt:

Between on or about November 1, 2014 through and including December 9, 2015, in the County of Kern, State and Eastern District of California SALVADOR MORALES, regularly distributed and conspired with others to distribute methamphetamine to various drug dealers and users in Kern County, California including Carlos Gerardo Blanco. During this time period, SALVADOR MORALES admits that he distributed over 1.5 kilograms but less than 4.5 kilograms of actual methamphetamine and agrees that for purposes of determining the offense level specified in the Drug Quantity Table of the Sentencing Guidelines, he should be held accountable for this drug quantity.

On May 20, 2015 a federal wiretap was ordered on a phone utilized by co-conspirator Blanco. On October 22, 2015 a federal wiretap was ordered on a phone utilized by SALVADOR MORALES. From these wiretaps investigators were able to identify SALVADOR MORALES as the principal supplier of methamphetamine to Blanco and Blanco's drug organization, The wiretap also intercepted regular and frequent calls between SALVADOR MORALES, Blanco and other individuals negotiating and arranging methamphetamine sales. SALVADOR MORALES also admits that on or about May 6, 2015 he brokered a narcotics sale of approximately 5 pounds of actual methamphetamine with Blanco. DEA Special Agents conducted both electronic and physical surveillance of the sale and recovered 2,210 grams of actual methamphetamine which had been brokered and sold by SALVADOR MORALES to Blanco.

Dated: 6/6/16

_Salvador Morales_
SALVADOR MORALES, Defendant